**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DIANE MARIE MISKIMON               *
                                   *
                                   *
         v.                        *          Civil No. – JFM-13-3051
                                   *
ZALCO REALTY, INC., ET AL.         *
                                ******

**MEMORANDUM**

Plaintiff has filed this *pro se* action for employment discrimination.  The Zalco

Defendants ("Defendants") have filed a motion for involuntary dismissal with prejudice on the

ground that plaintiff fabricated a personal diary that she has produced in discovery.  Defendants'

motion will be granted.[1]

Plaintiff produced in response to a request for production of documents a diary that she

allegedly maintained.  She testified about the diary in her deposition.  Plaintiff testified that the

notes in the diary were contemporaneous, having been written either at the time that the events

described occurred or later in the same day.  When confronted with the fact that this could not be

so, plaintiff tried to extricate herself by saying that she recorded the dates incorrectly. [2]

The various inaccuracies and inconsistencies and redundancies in the notes are fully

described in the memorandum of law submitted by defendants in support of their motion for

involuntary dismissal.  (ECF 76).  I will not reiterate what is said in that motion.  Rather, I will

summarize the ways in which defendants have demonstrated that the alleged contemporaneous

---

[1] There are a number of other pending motions that will be denied as moot in light of the fact that
the action is being dismissed with prejudice.
[2] Moreover, the provenance of the diary is suspicious because plaintiff never produced it to the
EEOC when she filed her administrative claim.

notes are fraudulent.  First, the notes allege events in which plaintiff's supervisor, Peter

Fabriziani, was an alleged participant, and travel records demonstrate that Febriziani was not at

the location described in the notes.[3]  Second, in one of the notes dated March 31, 2011, plaintiff

stated that she intended to complain to her "big bosses" about Fabriziani's actions when she

would be seeing them at the business anniversary party "later this week."  In fact, the party had

already occurred the day before.  Third, the February 12, 2011 note clearly was inaccurate

because February 12, 2011 was a Saturday.  Not only was Fabriziani not at plaintiff's work site

on that day, but plaintiff herself was not working then.  Fourth, a note dated June 15, 2011,

which described an event during which Fabriziani allegedly had his hand around his crotch,

clearly was inaccurate.  Plaintiff stated in her note that she spoke with Tiari Dorman about the

incident at the front desk area and Ms. Dorman allegedly told her not to go anywhere with

Fabriziani.  Payroll time reports, which plaintiff prepared and signed herself, reflect that Ms.

Dorman was on medical leave on June 15.[4]  Fifth, several of plaintiff's notes are virtually

identical, suggesting that they were copied.

    This court is cognizant of plaintiff's *pro se* status.  However, presenting fabricated notes

alleging they were contemporaneous has nothing to do with legal training.  The Supreme Court

has made it clear that a court has inherent power to impose a sanction of dismissal in response to

abusive litigation practices.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 632 (1962); *cf.*

---

[3] Plaintiff suggests that the travel records are themselves fabricated.  However, she does not challenge her own travel records, and she has presented no evidence suggesting that the travel records relied upon by defendants are not contemporaneous business records.

[4] Plaintiff does not challenge that the payroll time reports are business records of defendants.  To explain away the obvious inaccuracy in her allegedly contemporaneous note, plaintiff speculates that either she telephoned Ms. Dorman about the incident or that Ms. Dorman was visiting the office despite the fact that she was on medical leave.  Plaintiff's notes, however, which are otherwise are quite detailed, does not substantiate this speculation.  Further, Ms. Dorman was on medical leave for an extended period of time, on June 1, 2, 3, 6, 7, 8, 9, 10, 13, 15, 16, and 17.

*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).  Further, dismissal under

circumstances as those presented here is permissible under Fed. R. Civ. P. 41(b).  *Pope v.*

*Federal Express Corp.*, 138 F.R.D. 675, 682 (W.D. Mo. 1990).

A separate order is being entered herewith dismissing this action with prejudice.


Date:  October 16, 2014           ___/s/_____

                                      J. Frederick Motz

                                      United States District Judge